UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RODNEY BARNES (#370172)  CIVIL ACTION

VERSUS  NO. 19-471-JWD-EWD

JAMES LABLANC, ET AL.

## RULING

This matter comes before the Court on Plaintiff's Letter,[1] which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Motion shall be denied.

Pursuant to Judgment dated October 16, 2019,[2] the above-captioned proceeding was dismissed for failure of the plaintiff to pay the initial partial filing fee. The plaintiff did not take an appeal from that Judgment. Now, the plaintiff has submitted pleadings to the Court in an apparent attempt to explain his delay in paying the filing fee and submitted payment of the initial partial filing fee.[3] He thus seeks to re-open this proceeding and obtain a substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

---

[1] R. Doc. 17.
[2] R. Doc. 13.
[3] Plaintiff was ordered to pay an initial partial filing fee of $0.67 on August 7, 2019. (R. Doc. 8). Plaintiff failed to do so and was ordered to show cause as to why he failed to pay the fee on September 20, 2019. (R. Doc. 10). Plaintiff thereafter submitted two payments, one in the amount of $2.00 on October 18, 2019 and another in the amount of 0.67 on December 27, 2019.

Finance

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[4] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[5] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Furthermore, Plaintiff's submitted pleadings fail to comply with the Rule to Show Cause issued by this Court on September 20, 2019.[6] Accordingly, considering that Plaintiff has not provided the documents necessary to ascertain whether a delay in paying Plaintiff's filing fee should be excused, Plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[7] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court return payment of Plaintiff's initial partial filing fee in the amount of $2.67.[8]

Signed in Baton Rouge, Louisiana, on January 21, 2020.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[4] *Steverson v. Global Santa Fe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[5] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[6] R. Doc. 17.
[7] R. Doc. 17.
[8] Two payments were made by Plaintiff, one on October 18, 2019 in the mount of $2.00 and the second on DecemberJanuary 21, 2020 27, 2019 in the amount of 0.67.